PER CURIAM.
Pursuant to the recommendation of the Advisory Committee on Appellate Rules of this Court, and after due consideration of such proposed amendments, it is hereby
Ordered:
1. Rule 3.7b, Florida Appellate Rules, 31 F.S.A., be and the same is hereby amended to read as follows, viz.:
“b. Appellee’s Brief, Service. It shall be the duty of appellee within twenty days after a copy of appellant’s brief has been served upon him to file in the appellate court the original and one copy of his brief and appendix and serve a copy thereof upon appellant. Failure of appellee to file his, brief and appendix as required by these rules shall, unless otherwise ordered by the court prior to the date set for oral argument, forfeit the right of said appellee to oral argument.”
2. Rule 4.5a(l), Florida Appellate Rules, be and the same is hereby amended to read as follows, viz.:
“(1) When Heard. All applications in original proceedings in the Supreme Court and district courts of appeal for writs of mandamus, certiorari, prohibition, quo war-ranto, habeas corpus and other writs necessary to the complete exercise of the jurisdiction of the Court, as authorized by the Constitution, shall be made as herein provided.”
3. Rule 4.5a(5), Florida Appellate Rules, be and the same is hereby amended to read as follows, viz.:
“(5) Notice. Except in habeas corpus and unless otherwise ordered by the presiding officer of the court, at least five days’ notice shall be given to the adverse party *831 of intention to apply for the issuance of any writ mentioned herein.”
4. Rule 4.5c (6), Flordia Appellate Rules, be and the same is hereby amended to read as follows, viz.:
“(6) From District Court to Supreme Cotirt. Where any decision of a district court of appeal (1) affects a class of constitutional or state officers, or (2) passes upon a question certified by such district court to be of great public interest, or (3) is in direct conflict with a decision of another district court of appeal or of the Supreme Court on the same point of law, petition may be filed with the Supreme Court to issue a writ of certiorari to review such decision.
“The petition for certiorari under this rule shall be filed in the Supreme Court within 60 days from the rendition of the order, decision or judgment of the district court of appeal. The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for the issuance of the writ. Unless the district court shall otherwise direct for good cause shown after notice and hearing, a petition for certiorari filed in the Supreme Court within 15 days from the date of the filing of the order, decision or judgment sought to be reviewed or within 15 days from the date of the disposition of a petition for rehearing shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court; otherwise such petition for certiorari shall operate as a stay of such proceedings only upon the order of the Supreme Court after due notice to the adverse party.
“Only so much of the record as shall be necessary to show jurisdiction in the Supreme Court and establish facts relied upon by the petitioner shall be attached to or filed with the petition. See rule 7.2i (Forms) for suggestions as to proper portions of record to be transmitted with petition for certiorari.
“Copy of petition with certificate of filing the same in the Supreme Court shall be filed in the district court of appeal.
“Copy of petition, supporting portions of the record and brief shall be served on respondent or his attorney on or before the time petition is filed with the Clerk of the Supreme Court. The respondent shall file his brief in opposition to the writ and serve a copy thereof upon the petitioner within twenty (20) days after he has been served with a copy of the petition, supporting portions of the record and brief of petitioner.
“The Supreme Court shall consider the petition, supporting record or portions thereof and briefs and if the Court shall not have jurisdiction or if the petition is without merit, shall deny the same. If the Court determines to entertain further proceedings, the Court will set the same for oral argument on a day certain and at said time may order the filing of such further record or briefs as it may deem desirable for proper disposition of the cause, or that, upon motion of either party, it may determine is essential therefor.”
5. Rule 7.2i be and the same is hereby amended by adding thereto as an introductory portion thereof the following, viz.:
“Ordinarily the only portions of the record required to be attached to the petition for certiorari are:
“1. Those portions of the decision necessary to show that such decision affects a class of constitutional or state officers, where that provision is invoked for review;
“2. The decisions of the courts that are alleged to conflict with each other, where that provision is invoked. This may be by reference to the citation of said decisions where they have been reported in official reports. In those instances when the alleged conflict is not apparent from the decisions, then so much of the record as shall be essential to demonstrate such conflict *832 may be brought up with the petition for certiorari. The Court may, after granting the writ and setting the case for oral argument, order brought up such further portions of the record as it may deem necessary.
“3. When the provision of the Constitution authorizing review upon questions of great public interest is invoked, the original record in the district court shall be filed with the petition. If the writ is granted by the Supreme Court and an opinion is filed, the Court shall order a certified copy of such record filed in the Supreme Court before the original record is returned to the district court of appeal and shall assess the costs thereof in such order.”
These amendments to the Florida Appellate Rules shall become effective September 1, 1959 and shall be applicable to all appeals or petitions for certiorari filed subsequent to August 31, 1959.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.